

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

TINA BELLINO, on behalf of herself and all others similarly situated,

        Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A.,

        Defendant.

Civil Action No. _____

Complaint—Class Action

14 CV 3139

Jury Trial Demanded

JUDGE ROMAN

---

Plaintiff Tina Bellino, by her attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber LLP, as and for her Class Action Complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

1.  This action seeks to redress Defendant JPMorgan Chase Bank, N.A.'s ("Chase") systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2.  N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 require that mortgagees like Defendant present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a mortgage. The statutes each provide that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

3. These statutes are crucial mechanisms by which New York State ensures that the acquisition and transfer of real property occurs with efficiency and reliability.

### Jurisdiction

4. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2)(A), as minimal diversity exists, there are more than 100 Class members, and the amount in controversy is in excess of $5 million.

5. This Court has personal jurisdiction over Defendant JPMorgan Chase Bank, N.A. because Defendant operates numerous bank branches throughout this District.

### Parties

6. Plaintiff Tina Bellino resides in Tarrytown, New York.

7. Defendant Chase is a full-service interstate bank that operates throughout the United States, including in New York State. Chase's principal place of business is in Columbus, Ohio.

### Operative Facts

8. One of the unfortunate consequences of the consolidation of the banking industry is that banks frequently fail to comply with their obligations to timely file mortgage satisfactions. Indeed, mortgage satisfactions are often filed months, if not years, after they are due, and sometimes not at all.

9. This is no mere procedural peccadillo. Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions. However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to timely present mortgage satisfactions may disrupt the entire system for transferring residential

property in New York State.  The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

10. To address lenders' failure to present mortgage satisfactions in a timely manner, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose progressively higher penalties upon mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days.  Such penalties amount to $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days under each statute.

11. Plaintiff obtained a mortgage from Chase for her property located at 46 Highland Avenue, Tarrytown, NY 10591.  See Exhibit 1.

12. On May 11, 2012, Plaintiff sold the Tarrytown property to Mark A. Ferriss and Elizabeth Ferriss, and she used the proceeds from that sale to satisfy all principle, interest and other amounts due to Defendant.  See Exhibit 2.

13. Defendant was a mortgagee for the mortgage of record on Ms. Bellino's real property in Tarrytown, N.Y. at the time she paid the authorized principal, interest and any other amounts due under the mortgage.

14. The satisfaction of mortgage was recorded on June 21, 2012, more than forty-one (41) days after Plaintiff paid to Defendant all principle, interest and other amounts due under the mortgage.  See Exhibits 1, 2.

15. Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was recorded on June 21, 2012, more than forty-one (41) days after the discharge date.

16. Defendant also failed to arrange to have a certificate of discharge timely presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced by the fact that the Satisfaction of Mortgage was recorded on June 21, 2012, more than forty-one (41) days after the discharge date.

17. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

18. Plaintiff is not alone. In fact, based on a review of county records, Defendant appears to have failed to timely file mortgage satisfactions in thousands, if not tens of thousands, of instances.

## Class Action Allegations

19. Plaintiff brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All persons who were the mortgagor party to a mortgage for which Defendant was a mortgagee that was secured by real property located in New York State and for which the principle, interest and all other amounts due or otherwise owed was completely paid after May 2, 2008 but Defendant failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

20. This action is brought as a class action pursuant to Rule 23(a) and Rule 23(b)(3) for the following reasons:

    a. The Class consists of thousands, if not tens of thousands, of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

4

  b. There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

    i. whether Defendant failed to timely present certificates of discharge or satisfactions of mortgage;

    ii. whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and

    iii. whether Defendant violated N.Y. Real Prop. Law § 275;

  c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

  d. Plaintiff will fairly and adequately protect the interests of the Class, there is no conflict of interest between Plaintiff and the Class, and Plaintiff has retained attorneys experienced in class and complex litigation;

  e. Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

  f. Defendant has acted on grounds that apply generally to the Class, namely failing to ensure that satisfactions of mortgages are timely presented; and

  g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

    i. Absent a class action, Class members as a practical matter will be unable to obtain redress and Defendant's violations of its legal obligations will continue without remedy;

      ii.      It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

      iii.      When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

      iv.      A class action will permit an orderly and expeditious administration of Class claims and foster economies of time, effort, and expense;

      v.      The lawsuit presents no difficulties that would impede its management by the Court as a class action, particularly as Defendant can identify all Class members using its computerized records; and

      vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Acts. Law § 1921)

21.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22.    N.Y. Real Prop. Acts. Law § 1921 provides that:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one

thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

23. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Acts. Law § 1921.

24. Here, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until forty-one (41) days after the discharge date.

25. Independently, Defendant also failed to arrange to have a certificate of discharge timely presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until forty-one (41) days after the discharge date.

26. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

27. By reason of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law § 1921. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

### SECOND CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Law § 275)

28. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-27 above as if fully set forth herein.

29. N.Y. Real Prop. Law § 275 provides that:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of

this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

30. Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

31. Here, Defendant failed to present a certificate of discharge for recording within thirty days of the date upon which the full amount of principle and interest was paid on the mortgage, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until forty-one (41) days after the discharge date.

32. Independently, Defendant also failed to arrange to have a certificate of discharge timely presented for recording to the recording officer of the county where the mortgage was recorded, as evidenced by the fact that the Satisfaction of Mortgage was not recorded until forty-one (41) days after the discharge date.

33. The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

34. By reason of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a Class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

3. On Plaintiff's Second Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

4. Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

5. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:   May 2, 2014
         White Plains, New York

                                    Respectfully submitted,

                                    **FINKELSTEIN, BLANKINSHIP,**
                                    **FREI-PEARSON & GARBER, LLP**

                            By:     _/s/ Todd S. Garber_
                                    Todd S. Garber
                                    D. Greg Blankinship
                                    Jeremiah Frei-Pearson
                                    Shin Y. Hahn
                                    1311 Mamaroneck Avenue
                                    White Plains, New York 10605
                                    (914) 517-5000

# EXHIBIT 1

| The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document. |  *521523118STM001S* |
|---|---|

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | nationwide title clearing | Phone: | (727) 771-4000 |
| Address 1: | 2100 Alt 19N | Fax: | |
| Address 2: | | Email: | elsa_mckinnon@nwtc.com |
| City/State/Zip: | Palm Harbor FL 34683 | Reference for Submitter: | CHAS6 1957664520 |

### Document Details

| | | | |
|---|---|---|---|
| Control Number: | 521523118 | Document Type: | Satisfaction of Mortgage (STM) |
| Package ID: | 2012053100060001003 | Document Page Count: 2 | Total Page Count: 3 |

### Parties

☐ Additional Parties on Continuation page

**1st PARTY**    **2nd PARTY**

1: BELLINO TINA — Individual    1: JPMORGAN CHASE BANK N A — Other
2:    2:

### Property

☐ Additional Properties on Continuation page

Street Address:    Tax Designation:
City/Town:    Village:

### Cross-References

☐ Additional Cross-Refs on Continuation page

1: 441671209    2: 510363037    3:    4:

### Supporting Documents

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $90.00 |
| Page Fee: | $15.00 |
| Cross-Reference Fee: | $2.00 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| Total Recording Fees Paid: | $107.00 |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | $0.00 |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded: 06/21/2012 at 10:30 PM
Control Number: 521523118
Witness my hand and official seal

Timothy C. Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

NATIONWIDE TITLE CLEARING
2100 ALT 19 N

PALM HARBOR, FL 34683
Attn: ELSA MCKINNON

Return By Mail To:
JPMorgan Chase Bank, N.A.
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 1957664520

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that JPMORGAN CHASE BANK, N.A. having its principal place of business at:
        780 Kansas Lane, Suite A
        Monroe, LA 71203

Does hereby proclaim that the following Mortgage(s) is(are) paid, and does hereby consent that the same be discharged of record.

Mortgage dated 03/17/2004, made by **TINA BELLINO** (Borrower/s) to **JPMORGAN CHASE BANK, N.A.** (Lender) in the principal sum of $300,000.00 and recorded on 07/07/2004 as Document # 441671209, in Liber , Page , in the Office of the Clerk of WESTCHESTER County, NY.

See Exhibit attached for Assignments, Modifications etc. This mortgage(s) has not been assigned of record.

Property Address: 46 HIGHLAND AVE. TWP OF GREENBURGH
TARRYTOWN, NY 10591

Dated on 05/ 21 /2012 (MM/DD/YYYY)
JPMORGAN CHASE BANK, N.A.

By: _____
Deandrea Chapman
VICE PRESIDENT

_____
Jonita Johnson-Carter
WITNESS

STATE OF LOUISIANA
PARISH OF OUACHITA

Before me, on 05/ 21 /2012 (MM/DD/YYYY), the undersigned, personally appeared **Deandrea Chapman** as VICE PRESIDENT for **JPMORGAN CHASE BANK, N.A.**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that they executed the same in their capacity(ies), and that by their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Bridget A. Chinn
Notary Public - State of LOUISIANA
Commission expires: LIFETIME

Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
(PropID) or (S/B/L): 101.00
CHAS6 16510126 __ PRIME CJ3805460   -$102.50 RCNNY1

*16510126*

Loan No:    1957664520

2nd Mortgage: TINA BELLINO TO JPMORGAN CHASE BANK, N.A. DATED 01-26-2011. REC: 03-11-2011 INSTR# 510363037, AMT: $2,625.67 * CEMA: TINA BELLINO TO JPMORGAN CHASE BANK, N.A. DATED 01-26-2011. REC: 03-11-2011 INSTR# 510363039, COMBINED AMOUNT: $249,900.00

# EXHIBIT 2

| The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document. |  *521313450DED0030* |

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | All New York Title Agency, Inc. (PICK UP BY JAMES | Phone: | 914-686-5600 |
| Address 1: | 222 Bloomingdale Road | Fax: | 914-686-1440 |
| Address 2: | Suite 306 | Email: | dmcmillan@allnyt.com |
| City/State/Zip: | White Plains NY 10605 | Reference for Submitter: | ANY2012-7611 CL 5/11/2012 |

### Document Details

| | | | |
|---|---|---|---|
| Control Number: | 521313450 | Document Type: | Deed (DED) |
| Package ID: | 20120510001900010001 | Document Page Count: 3 | Total Page Count: 4 |

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: BELLINO TINA | - Individual | 1: FERRISS MARK A | - Individual |
| 2: FERRISS ELIZABETH D A | - Individual | 2: | |

### Property

☐ Additional Properties on Continuation page

| | | | |
|---|---|---|---|
| Street Address: | 46 HIGHLAND AVRNUE | Tax Designation: | 1.80-52-36 |
| City/Town: | GREENBURGH | Village: | TARRYTOWN |

### Cross-References

☐ Additional Cross-Refs on Continuation page

| 1: | 2: | 3: | 4: |
|---|---|---|---|

### Supporting Documents

1: RP-5217   2: TP-584

| Recording Fees | | Mortgage Taxes | |
|---|---|---|---|
| Statutory Recording Fee: | $40.00 | Document Date: | |
| Page Fee: | $20.00 | Mortgage Amount: | |
| Cross-Reference Fee: | $0.00 | | |
| Mortgage Affidavit Filing Fee: | $0.00 | Basic: | $0.00 |
| RP-5217 Filing Fee: | $125.00 | Westchester: | $0.00 |
| TP-584 Filing Fee: | $5.00 | Additional: | $0.00 |
| | | MTA: | $0.00 |
| Total Recording Fees Paid: | $190.00 | Special: | $0.00 |
| Transfer Taxes | | Yonkers: | $0.00 |
| Consideration: | $538,000.00 | Total Mortgage Tax: | $0.00 |
| Transfer Tax: | $2,152.00 | | |
| Mansion Tax: | $0.00 | Dwelling Type: | Exempt: ☐ |
| Transfer Tax Number: | 41499 | Serial #: | |

| RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK | Record and Return To |
|---|---|
| Recorded: 05/25/2012 at 04:18 PM<br>Control Number: 521313450<br>Witness my hand and official seal<br><br>*[signature]*<br>Timothy C. Idoni<br>Westchester County Clerk | ☑ Pick-up at County Clerk's office<br><br>All New York Title Agency, Inc. (PICK UP BY JAMES KAMNA<br>222 Bloomingdale Road<br>Suite 306<br>White Plains, NY 10605<br>Attn: All New York Title Agency, Inc. |

ANY2012-76115

Block: 52
Lot: 36

Form 8002 — Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 11th day of May, in the year 2012

BETWEEN

Tina Bellino
46 Highland Avenue
Tarrytown, New York 10591

party of the first part, and

Mark A. Ferriss and Elizabeth Dehaan A. Ferriss, as husband and wife,
34 Church Street
Tarrytown, New York 10591

party of the second part,

WITNESSETH, that the party of the first part, in consideration of ten (10) dollars

dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

See attached Schedule "A."

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Tina Bellino
Tina Bellino

STATE OF NEW YORK, COUNTY OF WESTCHESTER
On the 11th day of May in the year 2012, before me, the undersigned, personally appeared Tina Bellino, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

KYLE C. McGOVERN
Notary Public, State of New York
No. 02MC6043852
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires June 26, ~~2002~~ 2014

STATE OF , COUNTY OF
On the day of in the year ,
before me, the undersigned, a Notary Public in and for said State, personally appeared
, the
subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof);that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

[add the following if the acknowledgment is taken outside NY State] and that said subscribing witness made such appearance before the undersigned in the (insert the city or other political subdivision and the State or country or other place the proof was taken).

STATE OF
On the day of in the year ,
before me, the undersigned, personally appeared

, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument
[add the following if the acknowledgment is taken outside NY State] and that said individual made such appearance before the undersigned in the (insert the city or other political subdivision and the State or country or other place the acknowledgment was taken).

STATE OF , COUNTY OF
On the day of in the year ,
before me personally came

to me known, who, being by me duly sworn, did depose and say
that    he resides at
that    he is the
of
the corporation described in and which executed the foregoing instrument; that    he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that    he signed h    name thereto by like order.

## Bargain and Sale Deed

WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO. ANY2012-7611S

BELLINO

TO

FERRISS

Distributed By
**Chicago Title Insurance Company**

SECTION 1.80
BLOCK 52
LOT 36
COUNTY OR TOWN OF WESTCHESTER

**RETURN BY MAIL TO:**

Record & Return to:
All New York Title Agency, Inc.
222 Bloomingdale Road, Ste 306
White Plains, NY 10605
Attn: Recordings

**Fidelity National Title Insurance Company**

File Number: ANY2012-7611S

## SCHEDULE A CONTINUED

### LEGAL DESCRIPTION

All that certain plot, piece or parcel of land, situate, lying and being in the Village of Tarrytown, Town of Greenburgh, County of Westchester and State of New York, known as Lot No. 56 on map entitled, "Subdivision Map of Section B-1 of Tarrytown Crest", made by Edward J. Martin, C.E., dated July 23, 1946, and filed in the Office of the Clerk of the County of Westchester on the 3rd day of August, 1946 as Map No. 6147, being more particularly bounded and described as follows:

BEGINNING at a point on the easterly side of Highland Avenue where it is intersected by the dividing line between Lots No. 56 and 57 on said map;

RUNNING THENCE along said dividing line, south 66 degrees 58 minutes 24 seconds east, a distance of 120.00 feet to lands now or formerly of Bluman and Grant;

THENCE along the same, south 23 degrees 01 minutes 36 seconds west, a distance of 70.00 feet to a point;

THENCE along said lands now or formerly of Bluman and Grant and along lands now or formerly of Lehr, north 66 degrees 58 minutes 24 seconds west, a distance of 120.00 feet to the easterly side of Highland Avenue;

THENCE along the same, north 23 degrees 01 minutes 36 seconds east, a distance of 70.00 feet to the point or place of BEGINNING.

**NOTE:** Being District , Section 1.80, Block(s) 52, Lot(s) 36, Tax Map of the Town of Greenburgh, County of Westchester.

Issued by:
**All New York Title Agency Inc.**
222 Bloomingdale Road, Suite 306  White Plains, NY 10605
Phone: 914-686-5600 Fax: 914-686-1440

Commitment                                                                 Page 2 of 15