UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA BELLINO, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A.,

                Defendant.

No. 14-cv-3139 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") motion to dismiss Plaintiff Tina Bellino's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint purports to bring a class action based on JPMC's alleged violation of certain real property recording statutes. For the following reasons, the motion is DENIED.

## BACKGROUND

    On March 17, 2004, the sole plaintiff named in this putative class action, Tina Bellino, obtained a $300,000 mortgage loan from JPMC to purchase a house located at 46 Highland Avenue in Tarrytown, New York. (Compl. Ex. 1, ECF No. 1.) On May 11, 2012, Bellino sold the house. (*Id.* ¶ 12.) At some point thereafter, Bellino used the proceeds from the sale to pay off the outstanding principal, interest, and fees due on the mortgage. (*Id.* ¶ 12.) On May 21, 2012, JPMC signed a satisfaction of mortgage certificate (the "Certificate") acknowledging that Bellino had paid all remaining debts to JPMC. (*Id.* Ex. 1.) The Westchester County Clerk's Office (the "Clerk") recorded the Certificate on June 21, 2012. (*See id.* Ex. 1.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2015

Plaintiff commenced this putative class action on May 2, 2014, seeking relief on behalf of thousands of mortgagors. Bellino alleges that JPMC failed to timely present certificates of satisfaction for recording pursuant to the Statutes. (*See id.* ¶¶ 22, 29.) Specifically, Bellino alleges that the Statutes require JPMC to present certificates of satisfaction to the Clerk within thirty days of receiving the balance due on the mortgage. (*Id.* ¶ 24–25.) The Complaint does not specify the date on which Bellino allegedly tendered the funds to JPMC or the date on which JPMC allegedly presented the Certificate for Bellino's mortgage to the Clerk. Rather, Bellino asserts that JPMC must have presented the Certificate outside of the thirty-day period because the Clerk generally records certificates "expeditiously upon presentment" and the Certificate was recorded forty-one days after the sale of the mortgaged property. (*Id.* ¶¶ 17, 26, 33.)

On June 14, 2014, JPMC made an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Rule 68 Offer"), proposing that Bellino dismiss the Complaint in exchange for $1,001.00 plus attorney fees, costs, interest, and any additional amount Bellino could be due individually as a result of failure to timely present the Certificate. (Def.'s Mem. Law Supp. Mot. Dismiss 7, ECF No. 19 [hereinafter Def.'s Mem.].) *See also* Fed. R. Civ. P. 68. The monetary component of the settlement exceeded the amount JPMC would have owed Bellino had JPMC failed to file the Certificate within sixty days. *See* N.Y. Real Prop. Acts. § 1921; N.Y. Real Prop. § 275. (*See also* Def.'s Mem. 7.) Bellino did not accept the Rule 68 Offer and it lapsed on June 28, 2014. *See* Fed. R. Civ. P. 68(a)–(b).

JPMC moves to dismiss on two grounds. First, JPMC asserts that the case is moot because Bellino rejected the Rule 68 Offer, which exceeded JPMC's potential liability to Bellino in this action. (Def.'s Mem. 6.) As a corollary, JPMC argues that Bellino lacks standing and thus cannot represent similarly situated mortgagors, precluding class certification. (Def.'s Mem.

8–9.)  Second, JPMC argues that the thirty-day period for presentment under the Statutes runs from the date on which the certificate is signed, not the date on which a borrower pays off the mortgage loan.  (Def.'s Mem. 12.)  *See* N.Y. Real Prop. Acts. § 1921; N.Y. Real Prop. § 275.  JPMC claims that it did not violate the Statutes because the Clerk recorded the Certificate within thirty days of the date on which JPMC signed the Certificate.  JPMC also argues that Bellino insufficiently pleaded the payoff and presentment dates and without these two facts, the allegations in the Complaint lack the requisite specificity.

## STANDARD ON A MOTION TO DISMISS

If a named plaintiff's claims "become[] moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction" upon a Rule 12(b)(1) motion.  *Amblau v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).  A claim is "properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  District courts lack the power to adjudicate moot cases.  *Doyle v. Midland Credit Mgmt.*, 722 F.3d 78, 80 (2d Cir. 2013).  Typically, "[w]hen jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists."  *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *rev'd on other grounds*, 585 F.3d 559 (2d Cir. 2009).  But when "the case is at the pleading stage and no evidentiary hearings have been held . . . [a court] must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor."  *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citations and quotations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which a claim rests through "factual allegations sufficient 'to raise a right to relief above the

speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In applying this standard, a court should accept as true all well-pleaded factual allegations, but should not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*  A court should give "no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

**I.     Defendant's Subject-Matter Jurisdiction Arguments Are Unavailing**

Even though Defendant's Rule 68 Offer exceeded the maximum amount that Bellino could obtain in relief, Bellino's rejection of the Rule 68 Offer does not moot her claims or the class action.  A court may adjudicate only actual cases or controversies, meaning, among other requirements, that the dispute must be live. *ACLU v. Clapper*, No. 14-42-cv, 2015 U.S. App. LEXIS 7531, at *25–26 (2d Cir. May 7, 2015).  "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union Local 1000*, 132 S. Ct. 2277, 2287 (2012) (alteration in original) (internal quotation marks omitted).  A case becomes moot, however, if a court is powerless to "grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks omitted); *cf. ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 95 (2d Cir. 2007) (holding that if a court is capable of affecting the rights and obligations of

4

the parties, a case is not moot). A case also becomes moot if intervening circumstances during the litigation remove a party's interest in its outcome. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).

The Second Circuit has recently held that an unaccepted Rule 68 offer alone is not a sufficient intervening circumstance to remove a plaintiff's interest in a case and render a case moot. *Franco v. Allied Interstate LLC*, No. 14-1464, 2015 U.S. App. LEXIS 8088, at *2 (2d Cir. May 18, 2015); *Tanasi v. New Alliance Bank*, No. 14-1389, 2015 U.S. App. LEXIS 7932, at *11 (2d Cir. May 14, 2015, revised May 21, 2015); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005). The Second Circuit explained that when a plaintiff rejects a Rule 68 offer, a court has not entered the final judgment required to end the controversy and by extension strip the court's jurisdiction to hear the case under the Case or Controversy Clause of Article III. *Tanasi*, 2015 U.S. App. LEXIS 7932, at *11; *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013). Dismissing a case as moot under these circumstances would be premature because a court is still able to grant relief to the parties. *Genesis*, 133 S. Ct. at 1533 (Kagan, J., dissenting); *see also Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, 59 F. Supp. 3d 617, 637 (S.D.N.Y. 2014) (finding that a district court has subject-matter jurisdiction to hear a case after a plaintiff has rejected a Rule 68 Offer because a defendant has not yet satisfied a plaintiff's claim). Nevertheless, this standard supports the purpose of Rule 68 "to encourage settlement and avoid litigation," *Tanasi*, 2014 U.S. App. LEXIS 7932, at *7 (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)), and to avoid "taking the time of the court and the defendant in the pursuit of miniscule individual claims which defendant has more than satisfied," *Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2d Cir. 1983).

JPMC argued that this case is moot because Bellino, the sole named plaintiff, rejected the Rule 68 Offer, which exceeded the maximum possible relief she could have obtained under the Statutes, citing *Franco v. Allied Interstate LLC*, No. 13-cv-4053, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. Apr. 2, 2014). (Def.'s Mem. 9–10.) But after briefing on the instant motion closed, the Second Circuit reversed *Franco* in light of *Tanasi*. *Franco*, No. 14-1464-cv, 2015 U.S. App. LEXIS 8088, at *2. Despite Bellino's rejection of JPMC's Rule 68 Offer, Bellino's claim is not moot because this Court has not yet entered final judgment and is still able to grant Bellino the relief she seeks. Thus, the Court must also reject Defendant's further argument that Bellino lacks standing to represent the putative class.

## II. Defendant's Merits-Based Arguments Are Unavailing

Bellino has pled sufficient facts to permit an inference that JPMC recorded the Certificate more than thirty days after the payoff date. Accordingly, and because the Statutes run from the payoff date, Bellino has stated a plausible claim for relief.

A basic rule of statutory construction is to "[g]ive effect to every word of a statute wherever possible." *Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004). The plain meaning of a statute, however, is often clear only when the language is "placed in context," which requires interpreting the words "with a view to their place in the overall statutory scheme." *King v. Burwell*, No. 14-114, slip op. at 9 (U.S. June 25, 2015) (internal quotation marks omitted). If the language itself is unambiguous, a court need not consider the legislative history, even if the plain meaning conflicts with the legislative intent, *Arciniaga v. GMC*, 460 F.3d 231, 236 (2d Cir. 2006), or is ungrammatical, *cf. Lamie v. United States Tr.*, 540 U.S. 526, 534 (2003) (holding that an "awkward, and even ungrammatical," statute is not necessarily ambiguous). But if adopting the plain meaning "would lead to absurd or futile results" or if the plain meaning is "merely an unreasonable one plainly at variance with the policy of the legislation as a whole," a

6

court may follow the legislature's intent over the literal text.  *Fortis, Inc. v. United States*, 420 F. Supp. 2d 166, 174 (2d Cir. 2004) (quoting *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940)).

If the terms are ambiguous, a court may use other interpretive tools, including legislative history and grammar, *see United States v. Lockhart*, 749 F.3d 148, 152 (2d. Cir. 2014), *cert. granted*, No. 14-8358, though New York law expresses a preference for legislative intent over strict adherence to rules of grammar, N.Y. Stat. § 251.  A court should narrowly construe an ambiguous penal statute in favor of the potentially penalized party, *see, e.g.*, N.Y. Stat. § 271; *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F. Supp. 957, 968 (S.D.N.Y. 1993), but should not interpret the Statutes in a way that undermines their penalty provisions, *see Adler v. Bank of Am., N.A.*, No. 13-cv-4866, 2014 U.S. Dist. LEXIS 113288, at *18–19 (S.D.N.Y. July 14, 2014); *Zink v. First Niagara Bank, N.A.*, 18 F. Supp. 3d 363, 374 (W.D.N.Y. 2014).

One grammatical rule that has also become a cannon of statutory construction is the so-called last antecedent rule, where "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *United States v. Kerley*, 416 F.3d 176, 180 (2d Cir. 2005) (alteration in original) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)); *see also* N.Y. Stat. § 254 ("Relative or qualifying words of clauses in a statute ordinarily are to be applied to the words or phrases immediately preceding.").  The last antecedent rule is presumed to apply "unless the intent of the statute clearly indicates otherwise." N.Y. Stat § 254.

Plaintiff has stated a claim against JPMC by alleging that JPMC failed to present the satisfaction of mortgage certificate within thirty days of the date she paid off the loan.  Section 1921 of the New York Real Property Actions and Proceedings Law ("RPAPL") provides that:

> After payment of authorized principal, interest and any other amounts due thereunder . . . has actually been made . . . a mortgagee . . . must execute and acknowledge. . . . a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage . . . presented for recording to the recording officer of the county where the mortgage is recorded.  Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

N.Y. Real Prop. Acts. § 1921.  Section 275 of the New York Real Property Law ("RPL") similarly provides that when:

> [T]he full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor . . . . The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded.  Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

N.Y. Real Prop. § 275.  Plaintiff argues that the thirty-day time period runs from the date of payoff; Defendant argues that it runs from the date on which the certificate was signed, not the date on which the mortgage was paid off.

The plain text of the Statutes is ambiguous as to the triggering event for the thirty-day window.  RPAPL § 1921 provides "thereupon within thirty days," which can refer back to either (1) "payment of authorized principal, interest and any other amounts due thereunder" or (2) "execute or acknowledge . . . a satisfaction of mortgage."  N.Y. Real Prop. Acts. § 1921.  Similarly, RPL § 271 provides "within thirty days thereafter," which can refer back to either (1) "[when] the full amount of principal and interest due on the mortgage is paid" or (2) "signing the certificate."  N.Y. Real Prop. § 275.  Pursuant to the last antecedent rule, the thirty-day period

8

presumptively refers back to the closest antecedent, which is the signing, execution, or acknowledgment of the satisfaction certificate; however, for reasons stated below, the legislative intent rebuts that presumption.

The legislature clearly intended the thirty-day period to run from the date of payoff, not the date of signing, execution, or acknowledgment. In a memorandum to the Governor urging him to sign into law the penalty provisions of the Statutes, the bill's sponsor wrote that the trigger for the recording period is the payment date. *See* Letter from John A. DeFrancisco, State Senator, to Richard Platkin, Counsel to the Governor ("Platkin") (Aug. 5, 2005), *reprinted in* N.Y. Bill Jacket, 2005 S.B. 48, ch. 467 at 15 [hereinafter Bill Jacket] ("In the event a mortgagee fails to provide a certificate of discharge within specified periods after the mortgage has been paid, the mortgagee is liable to the mortgagor for escalating penalties."). Several state agencies that advised the Governor of New York before he signed the Statutes into law interpreted the Statutes in accordance with the Plaintiff and the bill's sponsor.[1] *See* Memorandum from Robert P. Leslie, Acting General Counsel, Department of State, to Platkin (June 29, 2005), *reprinted in* Bill Jacket at 8 ("This bill . . . require[s] a mortgagee to pay specified penalties . . . if the mortgagee fails to provide the mortgagor with a certificate of discharge within specified periods of time after the mortgage has been paid."); Letter from Christopher C. O'Brien, Deputy Commissioner and Counsel, Department of Taxation and Finance, to Platkin (June 24, 2005), *reprinted in* Bill Jacket at 9 ("This bill would . . . establish a time frame under which a mortgagee would be required to file a certificate of discharge for recording after the principal and interest due on the mortgage have been paid in full."); Letter from Richard J. Sinnot, Office of Real Property Services, to

---

[1] Although the sponsor and certain of the agencies reference a mortgagee's failure to timely provide discharge documents to the borrower, not failure to timely record with a county clerk, this distinction is irrelevant. Under New York's statutory scheme, because the registry is public, recording a certificate is functionally equivalent to providing it to a mortgagor. *See* N.Y. County § 208(2); N.Y. Real Prop. §§ 290(5), 321(2)(a).

presumptively refers back to the closest antecedent, which is the signing, execution, or acknowledgment of the satisfaction certificate; however, for reasons stated below, the legislative intent rebuts that presumption.

The legislature clearly intended the thirty-day period to run from the date of payoff, not the date of signing, execution, or acknowledgment. In a memorandum to the Governor urging him to sign into law the penalty provisions of the Statutes, the bill's sponsor wrote that the trigger for the recording period is the payment date. *See* Letter from John A. DeFrancisco, State Senator, to Richard Platkin, Counsel to the Governor ("Platkin") (Aug. 5, 2005), *reprinted in* N.Y. Bill Jacket, 2005 S.B. 48, ch. 467 at 15 [hereinafter Bill Jacket] ("In the event a mortgagee fails to provide a certificate of discharge within specified periods after the mortgage has been paid, the mortgagee is liable to the mortgagor for escalating penalties."). Several state agencies that advised the Governor of New York before he signed the Statutes into law interpreted the Statutes in accordance with the Plaintiff and the bill's sponsor.[1] *See* Memorandum from Robert P. Leslie, Acting General Counsel, Department of State, to Platkin (June 29, 2005), *reprinted in* Bill Jacket at 8 ("This bill . . . require[s] a mortgagee to pay specified penalties . . . if the mortgagee fails to provide the mortgagor with a certificate of discharge within specified periods of time after the mortgage has been paid."); Letter from Christopher C. O'Brien, Deputy Commissioner and Counsel, Department of Taxation and Finance, to Platkin (June 24, 2005), *reprinted in* Bill Jacket at 9 ("This bill would . . . establish a time frame under which a mortgagee would be required to file a certificate of discharge for recording after the principal and interest due on the mortgage have been paid in full."); Letter from Richard J. Sinnot, Office of Real Property Services, to

---

[1] Although the sponsor and certain of the agencies reference a mortgagee's failure to timely provide discharge documents to the borrower, not failure to timely record with a county clerk, this distinction is irrelevant. Under New York's statutory scheme, because the registry is public, recording a certificate is functionally equivalent to providing it to a mortgagor. *See* N.Y. County § 208(2); N.Y. Real Prop. §§ 290(5), 321(2)(a).

Platkin (June 20, 2005), *reprinted in* Bill Jacket at 10 ("This bill . . . enacts a penalty for a mortgagee's failure to forward a copy to the mortgagor within 30 days of the certificate of mortgage's recording date."); Memorandum from Banking Department, *reprinted in* Bill Jacket at 11–14 ("[S]ection 275(1) . . . require[s] a mortgagee . . . to present a certificate of discharge to the recording officer of the county in which the mortgage is recorded within thirty days of the payoff of the principal and any outstanding interest on the mortgage."). Finally, the Restatement adopts the view of the legislature; however, the Restatement is not binding on the Court. *See* Restatement (Third) of Property: Mortgages § 6.4 (1997) (noting that the time period for recording a satisfaction of mortgage certificate under RPAPL § 1921 begins at "payment of amounts due" under a mortgage).

The legislative history also makes clear that only Bellino's interpretation effectuates the overall statutory scheme. Penalties for failure to timely provide mortgage discharge certificates incentivize mortgagees to expeditiously record satisfactions, which helps ensure that property records accurately reflect encumbrances (or lack thereof) and facilitate efficient real estate markets. *See Glatter v. Chase Manhattan Bank*, 669 N.Y.S.2d 651, 654 (App. Div. 1998) (noting that "[d]ischarges of mortgages are routinely delivered many months after the final payment has been made to the mortgage lender," and that the legislative sponsors of the Statutes enacted this scheme to prevent this problem from "bring[ing] the whole system for transferring residential property in [New York] grinding to a halt" (internal quotation marks omitted)).

By incentivizing timely recording, the penalty provisions also help ensure mortgagors avoid excess fees. County clerks charge homeowners to record a certificate of mortgage discharge, payable by whomever presents a certificate for recording. *See* N.Y. C.P.L.R. § 8021(a)(8); Land Record Fees, Westchester County Clerk, http://www.westchesterclerk.com/index.php?option=com_content&view=article&id=30&Itemid

=25 (last visited June 24, 2015). Because a certificate must be signed by a mortgagee, a mortgagee often files it and directly pays a county clerk, but passes this cost to a mortgagor by bundling it into closing costs. *See* N.Y. Real Prop. § 321(1)(a); Letter from John A. DeFrancisco, *supra*. Nevertheless, sometimes a mortgagee does not file a certificate. *See* Letter from John A. DeFrancisco, *supra*. When a mortgagor has paid a recording fee, but a certificate has not been filed, county records erroneously show property as encumbered, and sometimes this error remains undiscovered for years. *See* Memorandum from Banking Department, *supra*. Once discovered, a mortgagor must then pay a county clerk to remove the encumbrance, in effect paying for the same service twice because of a mortgagee's error or delinquency. *See id.*; Letter from John A. DeFrancisco, *supra*.

If JPMC were correct, a mortgagee could delay presentment indefinitely, but avoid any penalty by simply never executing the certificate, undermining the purposes of the Statutes. The legislature did not intend to provide mortgagees with discretion to choose whatever recording date is most convenient for them. JPMC's interpretation would wipe out the enforcement mechanisms of the Statutes and could force mortgagors to pay unnecessary fees. In *Zink*, the court rejected a defendant's interpretation that the Statutes impose penalties only if a certificate is not filed at all (as opposed to untimely filed) because this interpretation would "effectively nullify" the penalty provisions. *See Zink*, 18 F. Supp. 3d at 372. This Court adopted that reasoning in *Adler*, rejecting a defendant's argument that the Statutes' penalty provisions apply only if a mortgagor brings a special proceeding to compel a mortgagee to file a certificate. *See Adler*, 2014 U.S. Dist LEXIS 113288, at *18–19 (finding that this "labored reading" of the Statutes would undermine the very interests the penalty seeks to protect).

The same reasoning applies here.  Evaluating the specific context surrounding the Statutes, the Court finds that the legislature's clear intent overcomes the presumption in favor of applying the last antecedent rule.  Accordingly, the Court construes the thirty-day time period (and the sixty- and ninety-day periods referenced in the penalty provisions) as running from the date of "payment of authorized principal, interest and any other amounts due thereunder," in the case of RPAPL § 1921, and the date on which "the full amount of principal and interest due on the mortgage is paid" in the case of RPL § 271.

Applying this interpretation of the Statutes, accepting as true all of Plaintiff's factual allegations, and granting reasonable inferences in Plaintiff's favor, Bellino has stated a plausible claim for relief.  JPMC argues that, even accepting Bellino's construction of the Statutes, the Complaint fails to state a claim because it fails to specify the date on which Bellino paid off her mortgage or the date on which JPMC presented the Certificate to the Clerk.  However, these omissions are not fatal.  Bellino sold her house on May 11, 2012 and the Clerk recorded the Certificate on June 21, 2012, forty-one days later.  JPMC is correct that the operative dates are not the date of sale or recordation.  It is reasonable to infer, however, that Bellino paid off her mortgage shortly after May 11 because interest on the mortgage would have continued to accrue.  Similarly, it is reasonable to infer that JPMC presented the Certificate to the Clerk shortly before June 21, 2012 because the Clerk records certificates expeditiously.  (Compl. ¶¶ 17, 26, 33.)  *See Adler*, 2014 U.S. Dist LEXIS 113288, at *20–21 (finding that similarly pleaded facts supported an inference at the motion to dismiss stage that the Westchester County Clerk "records documents relating to real estate transfers expeditiously upon presentment.").  Therefore, because Plaintiff is entitled to reasonable inferences on a Rule 12(b)(6) motion, Plaintiff has

adequately alleged that JPMC presented the Certificate to the Clerk more than thirty days after Bellino paid off her mortgage.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant shall file an Answer within 21 days from the date of this Order. An initial case management and scheduling conference pursuant to Fed. R. Civ. P. 16 is scheduled for September 10, 2015 at 10:30 a.m., at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The parties shall confer in accordance with Fed. R. Civ. P. 26(f) at least 21 days prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The parties shall also complete a Civil Case Discovery Plan and Scheduling Order and bring it to the conference. The Court respectfully directs the Clerk to terminate the motion at ECF No. 18.

Dated: June 29th, 2015  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge