UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 /13/ 2017

TINA BELLINO, on behalf of herself and all others similarly situated,

                          Plaintiffs,

   -against-

JPMORGAN CHASE BANK, N.A.,

                          Defendant.

No. 14-cv-3139 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

       The instant motion relates to an action against Defendant for its alleged violation of Section 275 of the New York Real Property Law ("RPL § 275") and Section 1921 of the New York Real Property Actions and Proceedings Law ("RPAPL § 1921") (collectively, the "Statutes"). Defendant moves the Court to certify the Opinion and Orders entered on September 20, 2016 and October 3, 2016, (the "September 20 Opinion" and the "October 3 Opinion," respectively) (collectively, the "Opinions"), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The September 20 Opinion denied Defendant's motion for summary judgment on standing, and the October 3 Opinion denied Defendant's summary judgment motion on substantive grounds. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

       The facts and prior proceedings are set forth in previous Opinions, familiarity with which is presumed. (See, e.g., June 29, 2015 Opinion and Order, ECF No. 40; October 3 Opinion.)

       In the September 20 Opinion at issue, the Court denied Defendant's motion for summary judgment on the issue of standing, finding that Plaintiff had demonstrated an injury-in-fact necessary to establish standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), by showing

that Defendant had violated Plaintiff's substantive right to have her satisfaction of mortgage timely filed under RPL § 275 and RPAPL § 1921.

The October 3 Opinion denied JPMC's additional motion for summary judgment on the grounds of statutory interpretation. The Court found that a mortgage satisfaction is "presented" for recording, not when it is placed in the mail, but when it is received by the county clerk, based upon the plain meaning of the term "present," the meaning of the term as it appears in RPL § 275 and RPAPL § 1921, similar provisions and caselaw, and the legislative intent and history of these Statutes. The Court declined to apply the rule of lenity as a doctrine of last resort, and Defendant appeals that aspect of the decision.

## STANDARD ON A MOTION FOR INTERLOCUTORY APPEAL

A Court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, (3) an immediate appeal from which may materially advance the ultimate termination of the litigation.[1] 28 U.S.C. § 1292(b). The moving party has the burden of establishing all three substantive criteria. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005); *see also German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three part test. Each prong must be satisfied."). These criterion create a significant hurdle to § 1292(b) certification, "since 'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Gottesman v. General Motors Corp.,* 268 F.2d 194, 196 (2d Cir. 1959)). Even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny

---

[1] Nevertheless, even if the Court certifies, an order is still not appealable as of right. The appellate court must also grant leave to appeal. 28 U.S.C. § 1292(b).

certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the authority to deny certification, even where the three statutory criteria are met, is "independent" and "unreviewable") (internal citation omitted)).

Moreover, interlocutory appeals are strongly disfavored in federal practice.  *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010).  Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases."  *In re Levine*, 94-CV-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).  For these reasons, and because a basic tenet of federal law is to delay appellate review until a final judgment, § 1292(b) certification should be "rare," and reserved for "exceptional circumstances."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac*, 693 F. Supp. 2d at 282 (certification of a non-final order pursuant to 28 U.S.C. § 1292(b) is an extraordinary procedure only granted in "exceptional circumstances"); *see also Lidle v. Cirrus Design Corp.*, 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... [o]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

## DISCUSSION

### I.  Controlling Question of Law

The first prong of the § 1292(b) analysis requires the Court to address whether a controlling question of law exists.  To make this determination, the Court must consider whether "reversal of

the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, 11-CV-6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)).  Furthermore in regard to the first prong of the 1292(b) analysis, the "'question of law' must refer to a 'pure question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, 02-CV-7434, 2005 WL 1176072 (RWS), at *10 (S.D.N.Y. May 19, 2005) (quoting *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000)).

Defendant argues that both the standing and statutory interpretation issues involve controlling questions of law because a reversal on either issue would terminate this action.  (Mem. In Supp. of Def. Mot. for Certification Pursuant to 28 U.S.C. § 1292(b), 4, ECF No. 114 [hereinafter "Def.'s Mem."].) The parties dispute whether the question of standing involves a "pure question of law," or a mixed question of law and fact.  (*See* Pl. Mem. of Law in Opp. to Def. Mot., 4-5, ECF No. 155, [hereinafter "Pl.'s Opp."]; Def. Reply Mem. In Supp. of Certification, 1-2, ECF No. 116 [hereinafter "Def.'s Reply"].)  The Court agrees with Defendant that the question of whether a plaintiff establishes standing when they allege only a statutory harm of RPL § 275 and RPAPL § 1921 is a controlling question of law, and that reversal on this issue would end this litigation.

Defendant argues that this Court's decision not to apply the rule of lenity as a doctrine of last resort is also a controlling question of law, such that a reversal would result in dismissal of this action.  The Court disagrees.  This Court declined to apply the rule of lenity on the basis that

4

it is a doctrine of last resort, and that such an application could defeat the purpose of the statutes in question. As Defendant concedes, even if the Second Circuit were to find that lenity were not a doctrine of last resort, the undersigned would still need to evaluate whether such an application would inappropriately stymie the legislative intent behind the Statutes, and how that might affect the decision to apply it. (*See* October 3 Opinion at 3 n.3); *Cotheal v. Brouwer*, 5 N.Y. 562, 562 (1851) ("A penal statute is not to be construed so strictly as to defeat the obvious intention of the legislature in passing it"). Thus, a reversal on this issue would not necessarily resolve nor significantly affect the conduct in this action, not to mention that further appeals could spring from the Court's decision on this issue. Nor does this question have precedential value for a large number of cases, and Defendant does not argue this point. Thus, a reversal on this question of statutory interpretation is not a "controlling" question of law.

## II. Substantial Grounds for Difference of Opinion

A substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough; "[f]or there to be a 'substantial ground for difference of opinion' … there must be 'substantial doubt' that the district court's order was correct." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 06-CV-15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (quoting *N.F.L. Ins. v. B&B Holdings*, 91-CV- 8580 (PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (in turn quoting S.Rep. No. 85–2434, at 3 (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5257)). The possibility of a different outcome on appeal is not sufficient to show a substantial ground for

difference of opinion, nor is "the mere presence of a disputed issue that is a question of first impression." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

Defendant argues that there is a substantial ground for difference of opinion on both the issue of standing and lenity.  In support of its argument pertaining to standing, Defendant compares a handful of opinions from this Circuit that also address whether violations of RPL § 275 and RPAPL § 1921 are sufficient to establish standing.  (*See* Def. Mem. at 6-7.)  Two of those cases favor this Court's ruling, as compared to an original and supplemental Report and Recommendation from one Magistrate Judge within this Circuit.  (*See id.*; Def Reply at 4-5.)[2] Defendant also cites two opinions from the Eleventh Circuit that disagree with this Court.  (*See* Def. Mem. at 8-11.)  Both parties also argue that a recent Second Circuit decision, *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016), supports their respective positions on the question of standing.

In *Strubel*, the Second Circuit analyzed claims for violations of the Truth in Lending Act (15 U.S.C. §§ 1601 *et seq.*) in light of *Spokeo*, and found that plaintiff had standing to assert some claims, but not others.  The Court reasoned that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest."  *Strubel*, 842 F.3d at 190 (internal citations omitted).  However, in a footnote, the Court also noted that their analysis was consist with *Nicklaw*, an Eleventh Circuit case that found the plaintiff lacked standing to bring suit under RPL § 275 and RPAPL § 1921 "where the suit was

---

[2] *Compare Jaffe v. Bank of Am., N.A.*, 13-CV-4866 (VB), 2016 WL 3944753 (S.D.N.Y. July 15, 2016), *and Zink v. First Niagara Bank, N.A.*, 13-CV-01076 (RJA) (JJM), 2016 WL 787963, at *1 (W.D.N.Y. Mar. 1, 2016), *with Villanueva v. Wells Fargo Bank, N.A.*, No. 13-CV-5429 (CS) (LMS), 2016 WL 5220065, at *1 (S.D.N.Y. Sept. 14, 2016) (first Report and Recommendation) *and Villanueva v. Wells Fargo Bank*, N.A., 13-CV-5429 (CS) (LMS) (S.D.N.Y., Nov. 29, 2016) (Supplemental Report & Recommendation).

brought after satisfaction was recorded and did not allege financial loss or injury to credit." *Id.* Although not definitive, this footnote indicates the Court's September 20 Opinion could be at odds with the Second Circuit's interpretation of *Spokeo*. Disagreement among other courts in this District, coupled with *Strubel*, create just enough divergence and doubt to warrant certification. *See Zink v. First Niagara Bank, N.A.*, 13-CV-01076 (JJM), 2016 WL 7473278, at *8 n.4 (W.D.N.Y. Dec. 29, 2016) (while "*Strubel* [did not] furnish[] meaningful guidance as to standing for the claims asserted" where plaintiff alleged only statutory harm under RPL § 275 and RPAPL § 1921, substantial grounds for difference of opinion existed). On this basis, the Court finds that there are substantial grounds for difference of opinion on the question of whether the statutory violation in question is sufficient to establish standing. Because the Court finds this factor satisfied on this basis, it need not address the parties' remaining arguments on this point.

Defendant also argues that there are substantial grounds for difference as to whether or not lenity should have been applied, because it is a difficult question of first impression in the Second Circuit. In its October 3 Opinion, this Court declined to apply lenity as a doctrine of last resort after considering Defendant's contention, now renewed, that lenity was required by *City of N.Y. v. Verizon N.Y., Inc.*, 4 N.Y.3d 255 (2005). In that case, the Court of Appeals determined the meaning of the term "conduit" as it appeared in a statute by looking to the term's meaning within the relevant "municipal utility" context, and the plain meaning of the term as it exists in the statute. *See Verizon*, 4 N.Y.3d at 278 ("The language of section 24–521—'pipes, mains and conduits, and all fixtures and appliances connected therewith or attached thereto'—is ambiguous and does not explicitly refer to facilities above or below ground. *In the municipal utility setting* before us … 'pipes' and 'mains,' however, *are generally thought of as* underground facilities. *Perhaps most tellingly, section 24–521 also refers to facilities as being laid "in any street." Statutory language*

*should be read in context. We, therefore, construe the word* 'conduits,' *like the other terms in the section*, to refer only to underground facilities.") (emphasis added).  The court then proceeded to explain why the statute should be considered penal in nature, and indicated that, because it was penal, it should be construed narrowly.

Defendant argues that *Verizon* directly contradicts this Court's approach in interpreting the meaning of the term "present" as it appears in RPL § 275 and RPAPL § 1921.  However, this Court's October 3 Opinion was also based in part upon the plain meaning of the term "present", and the meaning of the term as it appears in the context of real property law.  (*See* October 3 Opinion at 3 ("Based upon the plain meaning of the term 'present', the meaning of the term as it appears in [RPL § 275 and RPAPL § 1921], similar provisions and case law … a satisfaction is 'presented' for recording upon receipt by the county clerk.".))  Defendant would have the Court believe, under *Verizon*, that, if it were to find the Statutes were penal, it should forego any analysis and apply the rule of lenity in Defendant's favor.  This attempt to enlarge the meaning of *Verizon* is unavailing.  The Court did not and does not find *Verizon* to be at odds with the October 3 Opinion, nor does it find this question to be so difficult a question that certification is warranted.[3] For these reasons, Defendant fails to establish substantial ground for difference of opinion necessary to merit the exceptional, early appellate review requested.

---

[3]*See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005) ("to satisfy this prerequisite, there must be 'substantial doubt' that the district court's order was correct"); (*see also*, October 3 Opinion at 6, 8, 9 ("*the prevailing plain meaning* of the term [present] appears to imply receipt … *The most natural reading* of these [New York property law] provisions is that a document is 'presented' to the recording officer upon receipt … Outside of property law, other New York Statutes use the term 'present' to indicate actual receipt … [*interpreting the term present to mean "mail"*] *would defy the ordinary, apparent meaning* of this provision. Here, again, *the most obvious reading* of this provision indicates that a presentation for recording occurs when the document is received by, not merely mailed to, the clerk.)")

### III.   Material Advancement of the Termination of the Litigation

As noted above, the third prong of the § 1292(b) analysis is whether certification would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  A reversal on the question of standing would materially advance the termination of litigation because "reversal could result in dismissal of the [entire] action" in Defendant's favor.  *In re Lloyd's Am. Trust Fund Litig.*, 96-CV-1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997); *see Flaherty v. Filardi*, 03-CV-2167 (LTS) (HBP), 2007 WL 1827841, at *1 (S.D.N.Y. June 26, 2007) ("In determining whether the third requirement has been satisfied, district courts should consider whether an appeal would 'literally accelerate the action as a whole.'") (internal citations omitted). Plaintiff appears to imply that reversal would not advance the termination of the litigation because she could amend the complaint.  (*See* Pl. Opp. at 23.)  Unpersuaded by this counterargument, the Court finds that Defendant has met the third factor necessary to achieve interlocutory review regarding Plaintiff's standing.  *See Stikas v. J.P. Morgan Chase Bank, N.A.*, 14-CV-1277 (PAC), 2016 WL 2851560, at *2 (S.D.N.Y. May 13, 2016) ("'At the pleading stage, general factual allegations of injury resulting from the defendant's conduct will suffice to allege standing.' … Summary judgment is different; 'mere allegations' are insufficient ... Rather, '[t]o defend against summary judgment for lack of standing, a plaintiff 'must set forth by affidavit or other evidence specific facts' supporting standing, as is generally required under Rule 56.'") (internal citations omitted).

Regarding lenity, a reversal would not materially advance the termination of the litigation for the reasons set forth in the initial section analyzing the first § 1292(b) factor.

## CONCLUSION

For the foregoing reasons, Defendant's motion for interlocutory appeal is GRANTED on the question of standing and DENIED on the question of lenity. Defendant has satisfied the requirements for interlocutory review under 28 U.S.C. 1292(b) on the question of standing. However, Defendant has not meet the strict standard for certification as to application of lenity under New York law. Defendant's motion to certify for interlocutory appeal the September 20 Opinion is GRANTED. The Court's September 20, 2016 Opinion is amended to include this Opinion and Order. Defendant's shall have ten days from the entry of this Opinion and Order to apply to the Second Circuit for leave to proceed with the appeal. The case is STAYED pending a determination by the Second Circuit.

The Court respectfully directs the Clerk to terminate the motion at ECF No. 113.

Dated:    January 13th, 2017
          White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge